UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re:<br><br>BARNETT CORPORATION, *et al.*,<br><br>Debtors. | : | Chapter 7<br><br>Case No.: 22-73623 (AST)<br>(Jointly Administered) |
| ALLAN B. MENDELSOHN, Solely in His Capacity as Chapter 7 Trustee of The Estates of Barnett Corp. and Barnett Forest LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTER-PAPIER HANDELSGESELLSCHAFT, MBH,<br><br>Defendant. | : | Adv. Pro. No.: 24-08122 (AST) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT INTER-PAPIER HANDELSGESELLSCHAFT, MBH'S MOTION TO DISMISS THE AMENDED COMPLAINT**


John G. McCarthy
Roger Juan Maldonado
Morgan V. Manley
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas, 15th Floor
New York, New York 10019
Tel: (212) 907-9700
jmccarthy@sgrlaw.com
rmaldonado@sgrlaw.com
mmanley@sgrlaw.com

*Attorneys for Defendant*
*Inter-Papier Handelsgesellschaft, mbH*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………...………………ii

I. The Trustee's Argument That the Authority On Which Inter-Papier Relies Is "Not Relevant" Is Patently Incorrect………………………………………..2

II. The Documents Submitted by the Trustee Are Insufficient to Show Inter-Papier Has The Requisite Minimum Contacts with the United States………….5

III. The Trustee's Arguments Opposing Dismissal of Counts Six, Seven and Eight Are Without Merit…………………………………………………………………7

CONCLUSION………………………………………………………………………………9

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*45 John Lofts, LLC v. Meridian Capital Group LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730 (Bankr. S.D.N.Y. 2019) ........ 8

*Antico Vacca Techs., Inc. v. Bayer Corp. (In re Gruppo Antico, Inc.)*, Adv. Proc. No. 04-52619 (PLB), 2004 WL 5627185 (Bankr. D.Del. Dec. 1, 2004) ........ 6

*Atwal v. Infinex, Inc.*, No. 22-cv-149 (JLS) (LGF), 2023 WL 3063450 (W.D.N.Y. Mar. 22, 2023) ........ 4

*Holiday v. K Road Power Mgmt., LLC (In re Boston Generating LLC)*, 617 B.R. 442 (S.D.N.Y. 2020) ........ 8

*Broker Genius, Inc. v. Seat Scouts LLC*, No. 17 Civ. 8627 (SHS), 2019 WL 4054003 (S.D.N.Y. Aug. 27, 2019) ........ 4

*Burger King v. Rudzewicz*, 471 U.S. 462 (1985) ........ 5

*Chapin Home for the Aging v. McKimm*, No. CV 11-667 (FB) (RER), 2014 WL 12883697 (E.D.N.Y. Aug. 7, 2014) ........ 3

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777 (2012) ........ 8

*Dejana v. Marine Tech., Inc.*, CV 10-4029 (JS), 2011 WL 4530012 (E.D.N.Y. Sept. 26, 2011) ........ 4

*Ecigrusa LLC v. Silver State Trading LLC*, No. 32:21-cv-1845-B, 2022 WL 1321573 (N.D. Tx. May 3, 2022) ........ 7

*Emiabata v. Seton Healthcare Family*, No. 20-1801, 2021 WL 4256846 (2d Cir. Sept. 20, 2021) ........ 4

*Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945) ........ 1, 2, 3, 4, 5

*Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998) ........ 4

*Klutz v. Yagoozon, Inc.*, No. 16 Civ. 4538 (JSR), 2016 WL 5806902 (S.D.N.Y. Sept. 19, 2016) ........ 4

*LaMonica v. CEVA Group PLC (In re CIL Ltd.)*,
582 B.R. 46 (Bankr. S.D.N.Y. 2018), *reconsideration granted* Adv. Proc. No. 14-02442 (JLG), 2018 WL 3031094 (Bankr. S.D.N.Y. June 15, 2018)....................................2

*Langenberg v. Sofair*,
No. 03 Civ. 8339 (KMK), 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006)...............................3

*Lehman Bros. Special Fin. Inc. v. Bank of Am. (In Re Lehman Bros Holdings, Inc.)*,
535 B.R. 608 (Bankr. S.D.N.Y. 2015).......................................................................3, 5

*Marini v. Adamo*,
644 F. App'x 33 (2d Cir. 2016) .........................................................................................8

*Maxwell Commun. Corp. PLC by Homan v. Société Générale PLC (In re Maxwell Commun. Corp. PLC)*,
186 B.R. 807 (S.D.N.Y. 1995).......................................................................................8, 9

*McFadden v. Grand Union*,
No. 93 Civ. 4841 (VLB), 1994 WL 62351 (S.D.N.Y. Feb. 18, 2004) .....................................9

*N. Jersey Media Group, Inc. v. Nunn*,
No. 13 civ. 1695 (RWS), 2013 WL 5303816 (S.D.N.Y. Sept 20, 2013) .................................7

*Nelson v. MillerCoors, Inc.*,
246 F. Supp. 3d 666, 672 (E.D.N.Y. 2017) ........................................................................8

*O'Toole v. MyPlace Dev. SP Z O.O. (In re Sledziejowski)*,
Adv. Proc. Nos. 15- 08207 & 15-08208 (SHL), 2016 WL 6155929 (Bankr. S.D.N.Y. Oct. 21, 2016)..........................................................................................2, 4

*Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*,
454 B.R. 317 (Bankr. S.D.N.Y. 2011)..................................................................................8

*Rates Tech. Inc. v. Cequel Commc'ns, LLC*,
15 F. Supp. 3d 409, 420-421 (S.D.N.Y. 2014) ....................................................................4

*Stuart v. Spademan*,
772 F.2d 1185 (5th Cir. 1985) ...........................................................................................7

*Tyk v. Surat*,
No. CV 13-1532 (BMC) (LB), 2015 WL 14214925 (E.D.N.Y. July 23, 2015)........................9

*Unidex Group, Inc. v. ESCI Int'l Inc.*,
No. 09 CV 5889 (JBZ), 2010 WL 502774 (N.D. Il. Feb. 9, 2010)...........................................7

*Vista Food Ex., Inc. v. Champion Foodserv., L.L.C.*,
No. 14 Civ. 804 (RWS), 2014 WL 3857052 (S.D.N.Y. Aug. 4, 2014).....................................6



SGR/80603457.3

*Wawa, Inc. v. Mastercard Int'l, Inc.*,
No. 22 Civ. 03186 (NSR), 2023 WL 6147177 (S.D.N.Y. Sept. 20, 2023) ....8

*Weisfelner v. Blavatnik (In re Lyondell Chem Co.)*,
543 B.R. 127 (Bankr. S.D.N.Y. 2016) ....2, 3

*Western Textile, Inc. v. Transprint U.S.A., Inc.*,
No. 96 C 0020, 1996 WL 172195 (N.D. Il. April 10, 1996) ....6, 7

**Statutes**

11 U.S.C. § 502(d) ....8

**Rules**

CPLR § 302 ....4

Fed. R. Bankr. P. 7004 ....2, 3

Fed. R. Bankr. P. 7012(b) ....1

Local Bankruptcy Rule 9013-1 ....1

Defendant Inter-Papier Handelsgesellschaft mbH ("Inter-Papier"), by and through its attorneys Smith, Gambrell & Russell, LLP, respectfully submits this reply memorandum of law in further support of its motion ("Motion") to dismiss the amended complaint (the "Complaint" or "Am. Compl.") dated December 17, 2024 (Dkt. No. 3), filed by Plaintiff Allan B. Mendelsohn, in his capacity as Chapter 7 Trustee (the "Trustee") of the estates of Barnett Corporation ("Barnett") and Barnett Forest LLC ("Barnett Forest," together with Barnett, the "Debtors" or "Barnett Entities"), pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(2) and 12(b)(6), Rule 7012(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"), and Local Bankruptcy Rule 9013-1.

The Trustee does not dispute that Inter-Papier, a German entity, is not subject to this Court's general jurisdiction. Nor does he dispute that it is his burden to show that personal jurisdiction exists. However, the Trustee's arguments in opposition to the motion to dismiss are without merit. First, contrary to the Trustee's claim, the cases on which Inter-Papier relies in its moving brief *are* relevant because, *inter alia*, the "minimum contacts" test set forth in *International Shoe* is the proper inquiry for the Court to determine if it has personal jurisdiction over Inter-Papier. Moreover, the fact that some of those cases were decided after jurisdictional discovery is a red herring because the Trustee has not requested jurisdictional discovery. Second, the Trustee's submission of purported "invoices" and a "letter" on Inter-Papier's alleged letterhead, reflecting Barnett's address in the United States, is not sufficient to meet the minimum contacts standard. Third, the Trustee's arguments in opposition to the branch of the Motion seeking dismissal of Counts six, seven, and eight fail as a matter of law.

## I. The Trustee's Argument That the Authority On Which Inter-Papier Relies Is "Not Relevant" Is Patently Incorrect

The Trustee argues that the authority on which Inter-Papier relies is "not relevant" because they rely on the New York State long-arm statue and the "minimum contacts" test set forth in *International Shoe* for personal jurisdiction. In particular, the Trustee claims they are not relevant to claims brought in bankruptcy court because valid service pursuant to Bankruptcy Rule 7004(d) sufficient for this Court to have jurisdiction over Inter-Papier. The Trustee is mistaken.

First, the holding in *In re Sledziejowski*, a case decided by this Court, is not based on the New York State long-arm statute and is consistent with the holding in the remaining cases cited by Inter-Papier. *See O'Toole v. MyPlace Dev. SP Z O.O. (In re Sledziejowski*), Adv. Proc. Nos. 15-08207 & 15-08208 (SHL), 2016 WL 6155929, at *7 (Bankr. S.D.N.Y. Oct. 21, 2016).

Second, Bankruptcy Rule 7004(d) provides for *nationwide* service of process—not *worldwide* service of process. Thus, while service of process alone may be sufficient to afford personal jurisdiction over an individual or entity served in the United States, the same is not true for a foreign entity. Rather, Bankruptcy Rule 7004(f) provides that a bankruptcy court may exercise personal jurisdiction over a defendant properly served under Rule 7004, "[i]f exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Bankr. P. 7004(f) *See Weisfelner v. Blavatnik (In re Lyondell Chem Co.)*, 543 B.R. 127, 137-138 (Bankr. S.D.N.Y. 2016) (discussing Rule 7004(f)). Therefore, in order to exercise jurisdiction over a foreign entity, this Court must determine whether exercising personal jurisdiction over the foreign entity would be consistent with the Due Process Clause of the Fifth Amendment—*i.e.*, "(i) whether the defendant[] ha[s] the requisite 'minimum cont[acts]' with the relevant forum such that the exercise of personal jurisdiction 'does not offend traditional notions of fair play and substantial justice,' and (ii) whether the exercise of jurisdiction is reasonable in the circumstances." *LaMonica v. CEVA*

*Group PLC (In re CIL Ltd.)*, 582 B.R. 46, 71 (Bankr. S.D.N.Y. 2018) (quoting, *inter alia*, *Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945)), *reconsideration granted on other grounds* Adv. Proc. No. 14-02442 (JLG), 2018 WL 3031094 (Bankr. S.D.N.Y. June 15, 2018); *see also In re Lyondell Chem Co.*, 543 B.R. at 138-139, 138 n.34 (collecting authority). Indeed, in each of the cases on which the Trustee relies involving a foreign entity, the court relies on the "minimum contacts" test set forth in *International Shoe*. For example, in *Lehman Bros. Special Fin. Inc. v. Bank of Am.*, 535 B.R. 608 (Bankr. S.D.N.Y. 2015), the Court held that "[b]ecause valid service of process under Rule 7004(d) 'is sufficient to establish personal jurisdiction, state long-arm statutes are inapplicable, *and the only remaining inquiry for a bankruptcy court is whether exercising personal jurisdiction over the defendant would be consistent with the Due Process Clause of the Fifth Amendment*.'" The Trustee omitted the italicized portion of the quote.

Third, in the majority of the cases on which Inter-Papier relied, the court found that, *in addition to* not meeting the New York long-arm statute requirements for personal jurisdiction, the plaintiff had failed to allege sufficient facts to support a finding of personal jurisdiction under the Due Process analysis set forth in *International Shoe*. *See, e.g.*, *Chapin Home for the Aging v. McKimm*, No. CV 11-667 (FB) (RER), 2014 WL 12883697 (E.D.N.Y. Aug. 7, 2014), *report & recommendation adopted*, 2014 WL 4662401 (E.D.N.Y. Sept. 18, 2014) (holding, in the alternative, that defendants receipt of funds outside of New York was insufficient to establish the requisite "minimum contacts" and, even if receipt of funds satisfied the "minimum contacts" prong, the defendants had a "weak connection to New York" that did "not adequately compensate for the weak showing of minimum contacts"); *Langenberg v. Sofair*, No. 03 Civ. 8339 (KMK), 2006 WL 2628348, at *5-6 (S.D.N.Y. Sept. 11, 2006) (holding that receipt of funds were insufficient to show that defendant had engaged in activities to meet the jurisdictional requirements

of *International Shoe*)).

Fourth, an analysis under the New York long-arm statute is relevant to the process analysis because, "if the exercise of personal jurisdiction is not permitted under CPLR § 302, it certainly falls outside the bounds of what is permitted by the Constitution." *Broker Genius, Inc. v. Seat Scouts LLC*, No. 17 Civ. 8627 (SHS), 2019 WL 4054003, at *6 (S.D.N.Y. Aug. 27, 2019).

To the extent that the Trustee argues that the cases are not relevant because certain of the above cases were determined after jurisdictional discovery or granted jurisdictional discovery, such argument is a red herring. The Trustee has *not asked for*, let alone identified categories of jurisdictional discovery that would cure his failure to make *a prima facie* showing of jurisdiction. *See Emiabata v. Seton Healthcare Family*, No. 20-1801, 2021 WL 4256846, at * 2 (2d Cir. Sept. 20, 2021) ("[W]e reject [plaintiff's] contention that he was entitled to jurisdictional discovery" because, *inter alia*, he "did not ask for such discovery"); *Klutz v. Yagoozon, Inc.*, No. 16 Civ. 4538 (JSR), 2016 WL 5806902, at *3 (S.D.N.Y. Sept. 19, 2016) (exercising the court's discretion to deny jurisdictional discovery where plaintiff had not set forth categories of documents that it speculates jurisdictional discovery would reveal); *Dejana v. Marine Tech., Inc.*, CV 10-4029 (JS) (WDW), 2011 WL 4530012, at *6 (E.D.N.Y. Sept. 26, 2011) ("The Court declines to permit jurisdictional discovery because the [p]laintiffs did not specifically ask for it"); *cf In re Sledziejowski*, 2016 WL 6155929, at *10 (granting jurisdictional discovery where the trustee identified four specific categories of discovery); *see also Atwal v. Infinex, Inc.*, No. 22-cv-149 (JLS) (LGF), 2023 WL 3063450, at *13 (W.D.N.Y. Mar. 22, 2023) ("Where a plaintiff has failed to state a *prima facie* case for personal jurisdiction, the Second Circuit has held it is not entitled to jurisdictional discovery") (quoting, *inter alia*, *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 186 (2d Cir. 1998); *Rates Tech. Inc. v. Cequel Commc'ns, LLC*, 15 F. Supp. 3d 409, 420-421 (S.D.N.Y.

2014)) (internal quotation marks omitted).

### II. The Documents Submitted by the Trustee Are Insufficient to Show Inter-Papier Has The Requisite Minimum Contacts with the United States

In opposition to the Motion, the Trustee submits certain purported "invoices" and a letter allegedly on Inter-Papier's letterhead that shows Barnett's address in the United States. These "invoices," the Trustee argues, shows that Inter-Papier "sold goods to Barnett in the United States" which, according to him, are sufficient to meet the requisite showing of minimum contacts. The Trustee is mistaken.

In order to show minimum contacts with the United States, the plaintiff "must demonstrate that the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being hailed into court there." *Lehman Bros Special Fin. Inc. v. Bank of Am. N.A. (In re Lehman Bros Holdings, Inc.)*, 535 B.R. 608, 620 (S.D.N.Y. 2015) (internal citation and quotation marks omitted). As set forth in the Supreme Court's decision in *Burger King v. Rudzewicz*, 471 U.S. 462 (1985), the "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* at 475 (internal citations and quotation marks omitted). The Supreme Court, relying on, *inter alia*, *International Shoe* goes on to explain that "some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum. This distinction derives from the belief that, with respect to this category of isolated acts, the reasonable foreseeability of litigation in the forum is substantially diminished." *Id.* at 475 n.18 (internal citations and punctuation omitted).

Courts have held that invoices and written communication are not sufficient to establish personal jurisdiction where there is no allegation that a defendant actively solicited business or

had other continuous contacts with the forum. *See, e.g.*, *Antico Vacca Techs., Inc. v. Bayer Corp. (In re Gruppo Antico, Inc.)*, Adv. Proc. No. 04-52619 (PLB), 2004 WL 5627185, at *3-4 (Bankr. D. Del. Dec. 1, 2004) (invoices to a California address plus receipt of funds from the United States insufficient to meet the minimum contacts standards); *see also, e.g.*, *Vista Food Ex., Inc. v. Champion Foodserv., L.L.C.*, No. 14 Civ. 804 (RWS), 2014 WL 3857052, at *506 (S.D.N.Y. Aug. 4, 2014) (holding that allegation that defendants were involved in a scheme and assisted in preparing/submitting invoices to New York proved an insufficient basis for the exercise of personal jurisdiction); *Western Textile, Inc. v. Transprint U.S.A., Inc.*, No. 96 C 0020, 1996 WL 172195 (N.D. Il. April 10, 1996) (holding that written communications and sending invoices to headquarters insufficient to establish personal jurisdiction where no allegation that defendant solicited the transaction in question within the proposed forum).

Here, the Trustee claims that "unlike other cases where the defendants were simply passive recipients, Defendant actively purported to sell and charge Barnett for goods." Memo. In Opp. at 10. However, such an argument misrepresents the invoices and facts that the Trustee has placed before the Court. First, the Trustee repeatedly relies on Rosenthal's admission that he "created fictitious accounts receivable." Memo In Opp. at 2 (citing Amend. Compl. ¶¶ 21-22). Thus, the Trustee relies on documents he asserts Rosenthal fabricated to show personal jurisdiction over Inter-Papier. The Court should not permit Trustee to have his cake and eat it too.

Moreover, even if the invoices were sent or created by Inter-Papier, the Trustee does not allege that these invoices are related to the transfers at issue. Indeed, the Trustee alleged in his Complaint that "Barnett's books and records do not appear to contain purchase orders or invoices or other documentation to indicate a proper basis for the Transfers." (Amend. Compl. ¶¶ 35; *see also* Memo In Opp at 1). As set forth above, the fact that Inter-Papier may have sent invoices to

Barnett in the United States, without some showing or allegation of solicitation in the forum, is insufficient. Moreover, as Trustee does not allege that the purported invoices are the basis for his claims, the single invoice reflecting a purported shipment to the United States is insufficient to demonstrate that that Inter-Papier purposefully directed or conducted activities, let alone purposefully availed itself of the benefits and protections of the laws of the United States. *See Ecigrusa LLC v. Silver State Trading LLC*, No. 32:21-cv-1845-B, 2022 WL 1321573, at *5-6 (N.D. Tx. May 3, 2022) ("discrete shipments of goods" not sufficient to satisfy minimum contacts with the forum) (citing, *inter alia*, *Stuart v. Spademan*, 772 F.2d 1185 (5th Cir. 1985) ("isolated shipment of goods to the forum" did not support inference of purposeful availment necessary to support the exercise of personal jurisdiction); *N. Jersey Media Group, Inc. v. Nunn*, No. 13 civ. 1695 (RWS), 2013 WL 5303816, at *3-4 (S.D.N.Y. Sept 20, 2013) (single shipment to New York made at the direction of plaintiff insufficient to warrant finding of minimum contacts); *Western Textile, Inc.*, 1996 WL 172195, at *4-5 (shipping mere fraction of goods not adequate to satisfy the *prima facie* showing of jurisdiction); *Unidex Group, Inc. v. ESCI Int'l Inc.*, No. 09 CV 5889 (JBZ), 2010 WL 502774, at *3-4 (N.D. Il. Feb. 9, 2010) (shipment of product to Illinois insufficient where performance of contracts outside of the forum).

## III. The Trustee's Arguments Opposing Dismissal of Counts Six, Seven and Eight Are Without Merit

The Trustee argues that his unjust enrichment and money had and received claims should not be dismissed because it is conceivable that plaintiff could recover under one theory but not another. Memo. In Opp. at 14-15. In addition, The Trustee argues that hi claim for disallowance can only be dismissed "in the event the avoidance claims are dismissed." *Id.* at 15. These arguments fail.

Pursuant to New York state law, "unjust enrichment is not a catchall cause of action to be used when others fail. It is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790–791 (2012). While the Trustee is correct that a plaintiff may plead unjust enrichment and money had and received in the alternative to his other claims (including those under the DCL), those claims "will not survive a motion to dismiss where the plaintiff fails to explain *how* it is not merely duplicative of his other causes of action." *Holiday v. K Road Power Mgmt., LLC (In re Boston Generating LLC*, 617 B.R. 442 (S.D.N.Y. 2020) (quoting *Nelson v. MillerCoors, Inc.*, 246 F. Supp. 3d 666, 672 (E.D.N.Y. 2017)) (emphasis added and punctuation omitted); *see also Marini v. Adamo*, 644 F. App'x 33, 35-36 (2d Cir. 2016) (dismissing unjust enrichment and money had and received claims where they were duplicative of the common law fraud claims); *Wawa, Inc. v. Mastercard Int'l, Inc.*, No. 22 Civ. 03186 (NSR), 2023 WL 6147177 (S.D.N.Y. Sept. 20, 2023) (dismissing money had and received claim when duplicative of other claims). The Trustee does not dispute that his unjust enrichment claim duplicates his claims pursuant to the DCL and has not offered the Court any explanation as to why the unjust enrichment claim is not merely duplicative of the DCL claims. Therefore, it fails under New York law and must be dismissed.

Moreover, it is well settled that a proof of claim must have been filed in the case by the creditor whose claim the debtor seeks to disallow. *See* 11 U.S.C. § 502(d); *Maxwell Commun. Corp. PLC by Homan v. Société Générale PLC (In re Maxwell Commun. Corp. PLC)*, 186 B.R. 807, 824 (S.D.N.Y. 1995); *see also Picard v. Cohmad Sec. Corp. (In re Bernard L. Madoff Inv. Sec. LLC)*, 454 B.R. 317, 341-42 (Bankr. S.D.N.Y. 2011). Where such requirement is unmet, the Court must dismiss the disallowance cause of action. *45 John Lofts, LLC v. Meridian Capital*

*Group LLC (In re 45 John Lofts, LLC)*, 599 B.R. 730, 750 (Bankr. S.D.N.Y. 2019) (citing *Maxwell*, 186 B.R. at 824, and holding that plaintiff is only able to maintain disallowance causes of action against those that "filed proofs of claim to date"). Here, there is no dispute that Inter-Papier has not filed a proof of claim. As a result, that count must be dismissed.

Finally, the Trustee's request that he be granted leave to amend the Complaint should be denied because he has failed to attach the proposed second amended complaint or explain what additional facts he intends to add that would allegedly cure the aforementioned deficiencies. *Tyk v. Surat*, No. CV 13-1532 (BMC) (LB), 2015 WL 14214925, at *1 (E.D.N.Y. July 23, 2015) (collecting authority including, *inter alia*, *McFadden v. Grand Union*, No. 93 Civ. 4841 (VLB), 1994 WL 62351, at *1 (S.D.N.Y. Feb. 18, 2004).

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the moving brief, we respectfully request that the Court grant the Motion in its entirety.

Dated: New York, New York
July 16, 2025

SMITH, GAMBRELL & RUSSELL, LLP

By: */s/ Morgan V. Manley*
John G. McCarthy
Roger J. Maldonado
Morgan V. Manley
Carly M. Allen

1301 Avenue of the Americas, 15th Floor
New York, New York 10019
Tel: (212) 907-9700

*Attorneys for Defendant*
*Inter-Papier Handelsgesellschaft, mbH*